UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA LOZANO<br><br>    Plaintiff,<br><br>v.<br><br>CAROL MARTINEZ, in her Official and Individual capacity,<br><br>    Defendant. | Civ. No. 12-4329 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Carol Martinez's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is **GRANTED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2010, Plaintiff was appointed Vice President of Hackensack High School ("HHS VP"). (Compl. ¶ 9, ECF No. 1.) The terms of the Plaintiff's employment as HHS VP are governed by a contract (the "HHS VP Contract"). (*Id*. at ¶ 9.) And although not explicitly set forth in the pleading, it appears that the HHS VP Contract requires that Plaintiff maintain a specific accreditation from the State Board of Examiners ("SBE").

---

[1] As this is a 12(b)(6) motion to dismiss, the following version of events assumes Plaintiff's allegations in the Complaint are true.

1

It also appears that renewal of Plaintiff's HHS VP Contract is conditioned upon periodic review and formal approval from the Hackensack Board of Education ("BOE"). And in that regard, that BOE members may review an employee's confidential personnel file as it relates to a pending employment action. (*Id*. at ¶ 19.) Such access is subject to certain additional conditions, including that the BOE member first receive permission from Hackensack Superintendent Joseph Abate. (*Id*.).

Defendant is a member of the BOE. The essence of Plaintiff's case is that Defendant believed that Plaintiff was politically affiliated with the Zisas,[2] a prominent political family in Hackensack. And that based on that belief,[3] Defendant committed certain acts of retaliation against Plaintiff in the course of her employment as HHS VP at the same time that the BOE was considering whether it would renew Plaintiff's HHS VP Contract. More specifically, Plaintiff alleges the following:

First, that Defendant improperly accessed Plaintiff's confidential personnel file. Plaintiff notes that Defendant was authorized to view that file, and that she received permission from Superintendent Abate before she did so. Plaintiff nonetheless claims that Defendant's actions were improper insofar as Defendant

---

[2] Plaintiff's allegations in support of her claim that Defendant's actions were motivated by Plaintiff's political affiliations include the following: At a May 10, 2012 BOE meeting, Defendant stated that school administrators, such as Plaintiff, received their positions because of their political connections to the Zisa administration. (Compl. ¶ 14.) Thereafter, on May 31, 2012, Defendant told a central office administrator that she believed Plaintiff was "politically affiliated." (*Id*. at ¶ 16.)

[3] Plaintiff's Complaint fails to affirm or deny whether Plaintiff is actually affiliated with the Zisa family.

only reviewed Plaintiff's file as part of her effort to block renewal of Plaintiff's HHS VP Contract based on Plaintiff's Zisa affiliation, as evidenced by the ten-hour period Defendant spent reviewing that file.

Second, that Defendant thereafter filed a "frivolous and baseless petition" with the SBE challenging the SBE's accreditation of Plaintiff (the "SBE Petition"). (*Id*. at ¶¶ 25, 31.)  The Court notes that Plaintiff does not allege additional facts indicating why the SBE Petition was frivolous or baseless, such as particular statements in the SBE Petition that were untrue.

And third, that Defendant "attempted to interfere with Plaintiff's imposition of discipline of [a] student causing the issuance of an improper subpoena by a law firm . . . demanding 'a copy of the video tape of the incident.'"  (*Id*. at ¶ 30.) However, Plaintiff does not provide additional clarification as to the circumstances surrounding that incident.

Finally, it appears that in spite of Defendant's alleged misconduct, Plaintiff continues to serve in the HHS VP Position.  (*Id*. at ¶ 9.)  In fact, throughout the entirety of the pleading, Plaintiff fails to identify any specific way in which she was harmed or suffered adverse consequences as a result of Defendant's allegedly retaliatory actions.

Based on the foregoing allegations, Plaintiff filed a three-count complaint in district court on August 10, 2012.  In that pleading, Plaintiff claims that

Defendant's actions violated her rights under: (1) the First Amendment of the United States Constitution, which is actionable under 42 U.S.C. § 1983 (Count One); and (2) Article 1, Section 18 of the New Jersey Constitution, which is actionable under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2 (Count Two). Plaintiff also claims that the manner in which Defendant reviewed Plaintiff's personnel file violated her state law right to privacy (Count Three). In response, Defendant filed the present motion to dismiss all three counts for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).

### B. Count One

As noted earlier, Count One is rooted in Plaintiff's assertion that Defendant took certain inappropriate actions against Plaintiff in retaliation for Plaintiff's apparent association with the Zisa family, in violation of the First Amendment and 42 U.S.C. § 1983 ("Plaintiff's § 1983 Claim"). Defendant moves to dismiss Plaintiff's § 1983 Claim based on – among other reasons – her assertion that the retaliatory acts allegedly committed by Defendant are *de minimus*, and therefore, are insufficient to support an actionable § 1983 political affiliation discrimination claim (hereinafter, a "§ 1983 Political Retaliation Claim"). In considering Defendant's argument, the Court notes the following:

5

<u>First</u>, that 42 U.S.C. § 1983 creates a federal cause of action for a plaintiff who was deprived of a right or privilege secured by the Constitution or federal statute by a defendant who acted under color of state law.  *Anderson v. Davilla*, 125 F.3d 148, 159 (3d Cir. 1997).

<u>Second</u>, that in order to state a *prima facie* §1983 Political Retaliation Claim, a plaintiff must plead sufficient facts showing:  (1) that she was employed at a public agency in a position that does not require political affiliation; (2) that she engaged in First Amendment protected conduct; and (3) that her constitutionally-protected conduct was a substantial or motivating factor for an adverse employment action.  *Montone v. City of Jersey City*, ___ F.3d ___, 2013 WL 856359, at *5 (3d Cir. Mar. 8, 2013).

<u>Third</u>, that generally speaking, an adverse employment action in the context of a §1983 Political Retaliation Claim includes things such as an actual transfer, demotion, or similar change in employment status.  *Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp. 2d 468, 476 (M.D. Pa. 2002).

<u>Fourth</u>, that acts of harassment against employees in the context of a §1983 Political Retaliation Claim may also be sufficient to constitute an adverse employment action if, "when viewed in their totality, [those acts of harassment] are likely to deter a person of ordinary firmness from the exercise of his or her First

Amendment rights.'" *Id*. (citations omitted).  In other words, the adverse retaliatory actions alleged must be more than *de minimus*.

Fifth, that "[d]etermining whether a plaintiff's First Amendment rights were adversely affected by retaliatory conduct is a fact intensive inquiry focusing on the status of the [plaintiff], the status of the retaliator, the relationship between the [plaintiff] and the retaliator, and the nature of the retaliatory acts." *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) (quoting *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 686 (4th Cir.2000)).

Sixth, that in determining whether retaliatory acts of harassment are more than *de minimus*, "courts have declined to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands." *Id*. (quoting *Suarez*), *accord McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006).  *See also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.").

### 1. Application

Here, Plaintiff claims that Defendant retaliated against her in her employment as HHS VP as follows:  First, that after Defendant reviewed

7

Plaintiff's personnel file, she filed the "frivolous and baseless" SBE Petition.  And second, that Defendant interfered in Plaintiff's attempt to discipline a student that resulted in a law firm issuing a subpoena.  However, Plaintiff has not pled any additional facts demonstrating why the SBE Petition was frivolous, baseless, or otherwise improper, nor does she provide any specific allegations about Defendant's role in the disciplinary incident.  Moreover, it appears that Plaintiff is still the HHS VP.  In fact, Plaintiff does not pled any facts which suggest that the terms and conditions of her employment have changed or that she was in any other way harmed or suffered other adverse consequences as a result of Defendant's alleged acts of retaliatory conduct.

On these facts, and even assuming, *arguendo*, that Defendant's retaliatory acts were committed solely because of Plaintiff's Zisa affiliation, Plaintiff has failed to set forth sufficient facts which support her claim that Defendant engaged in a pattern of retaliatory harassment that is likely to deter a person of ordinary firmness from the exercise of her First Amendment rights.  And because the retaliatory acts allegedly committed by Defendant are therefore *de minimus*, they do not constitute an adverse employment action sufficient to support an actionable §1983 Political Retaliation Claim.[4]  *See Colson v. Grohman*, 174 F.3d 498 (5th Cir.1999) (defendants' efforts to have plaintiff investigated and recalled from her

---

[4] And because the Court finds that dismissal on this basis is appropriate, it will not address Defendant's alternative arguments for dismissal of Count One.

8

position were insufficient to support a § 1983 retaliatory harassment claim); *Zugarek*, 214 F. Supp. 2d at 477 (M.D. Pa. 2002) ("the continuing evaluation process of plaintiff by defendants does not rise to the level of an 'adverse employment action' that would deter a person of ordinary firmness from exercising his or her First Amendment rights."); *McGovern v. City of Jersey City*, 98-5186, 2008 WL 58820 (D.N.J. Jan. 2, 2008) (defendant's initiation of disciplinary charges against employee for failure to file a report was "*de minimus* at most" where plaintiff suffered no disciplinary consequences and the charges were dropped immediately after the requested report was filed). Accordingly, Defendant's motion to dismiss Count One will be **GRANTED**.

### C. Counts Two and Three

Counts Two and Three of Plaintiff's Complaint alleges causes of action arising under New Jersey law. However, at this time, the Court declines to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3) ("the district court[ ] may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, the Court will dismiss this matter in its entirety, without prejudice.

## III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(6) motion is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

An appropriate order follows.

      /s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 26, 2013.**